IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 03 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| AMANDA MOSS, Individually and as Parent and Next Friend of MCKENZIE COTTON, a minor )<br>)<br>)<br>)<br>*Plaintiff* )<br>)<br>vs. )<br>)<br>CADEN ZANE CARPENTER, ANNE HICKS, KATHY WOODALL, ALLEN WOODALL, FELECIA STREET JONES, and PHILLIP MATTHEW JONES )<br>)<br>)<br>)<br>)<br>*Defendants* ) | Case No: 2:23CV22-KGB<br><br>**JURY TRIAL DEMANDED**<br><br>This case assigned to District Judge Baker<br>and to Magistrate Judge Volpe |

## COMPLAINT

Comes the Plaintiff Amanda Moss, Individually and as Next Friend of McKenzie Cotton, a minor, by and through counsel, and for their complaint against the Defendants Caden Zane Carpenter, Anne Hicks, Kathy Woodall, Allen Woodall, Felecia Street Jones, and Phillip Matthew Jones states:

### JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and a diversity of citizenship exists as between the Plaintiff and the Defendants.

2. The events giving rise to this action occurred in Chicot County, Arkansas, and therefore, venue is properly established in this judicial district pursuant to 28 U.S.C. § 1391.

### PARTIES

3. Amanda Moss is an individual resident of Oak Grove, West Carroll Parish, Louisiana and is the natural mother of McKenzie Cotton, a minor.

1

4. McKenzie Cotton is an individual resident of Oak Grove, West Carroll Parish, Louisiana and is the natural daughter of Amanda Moss.

5. Upon information and belief, Defendant Caden Zane Carpenter, a minor, is an individual resident of Eudora, Chicot County, Arkansas.

6. Upon information and belief, Defendant Anne Hicks is an individual resident of Eudora, Chicot County, Arkansas and is the person who signed the Financial Responsibility Acceptance form when Caden Zane Carpenter applied for an Arkansas driver's license or permit.

7. Upon information and belief Defendant Kathy Woodall is an individual resident of Eudora, Chicot County, Arkansas.

8. Upon information and belief Defendant Allen Woodall is an individual resident of Eudora, Chicot County, Arkansas.

9. Upon information and belief Defendant Felecia Street Jones is an individual resident of Eudora, Chicot County, Arkansas.

10. Upon information and belief Defendant Phillip Matthew Jones is an individual resident of Eudora, Chicot County, Arkansas.

## FACTS

11. On or about March 25, 2022 at approximately 11:44 pm, Mckenzie Cotton, a minor, was attending a birthday party at the home of Defendants Kathy Woodall and Allen Woodall.

12. At the same time and place, Defendant Caden Zane Carpenter, a minor, was illegally operating a 2013 GMC Sierra pickup truck owned and maintained by Defendant Anne Hicks.

13. As Mckenzie Cotton was attempting to leave the party with two of her friends, walking down the driveway of the Woodall home, Defendant Carpenter backed his vehicle down

the driveway striking Mckenzie Cotton, knocking her to the ground and running his rear tire into her head pushing it against the gravel.

14. Earlier in the evening, Plaintiff Amanda Moss had agreed to allow her daughter Mckenzie Cotton, aged fourteen, to spend the night with her friend Aubrey Jones, also aged fourteen.

15. Plaintiff Amanda Moss took Mckenzie Cotton to meet Aubrey Jones and her parents, Defendants Felecia Street Jones and Phillip Matthew Jones. Plaintiff left her daughter Mckenzie Cotton in the care of Defendants Felecia Street Jones and Phillip Matthew Jones. At no point did any of the Jones tell Plaintiff nor Mckenzie Cotton that they would be taking Mckenzie to a birthday party where alcohol would be served.

16. On March 25, 2022, Defendants Kathy Woodall and Allen Woodall hosted a birthday party at their home for their son William Woodall, a minor. At this party, intoxicating beverages were served to adults and minors alike. Defendants Kathy Woodall, Allen Woodall, Stacy Scott, Des Scott, and Felecia Street Jones all consumed intoxicating beverages at the party leaving no sober adult to carry out the responsibilities of host or to look out for Mckenzie Cotton's safety.

17. On March 25, 2022, Defendants Kathy Woodall and Allen Woodall hosted a birthday party at their home for their son William Woodall, a minor. At this party, said Defendants allowed intoxicating beverages and other substances to be consumed by adults and minors alike.

18. At all times relevant herein, Defendant Caden Zane Carpenter was fifteen years old.

19. The conduct of the Defendants herein was such that they knew or should have known, in the light of the surrounding circumstances, that their conduct would naturally and

probably result in injury, and they continued such conduct in reckless disregard of the consequences from which malice may be inferred.

20. As a result of the events described herein, Mckenzie Cotton suffered severe and permanent injuries to her head and body and which have resulted in permanent scarring and disfigurement.

## COUNT 1 – PREMISES LIABILITY

21. At all times relevant herein, Mckenzie Cotton was a licensee upon the premises of Defendants Kathy Woodall and Allen Woodall, and Defendants Kathy Woodall and Allen Woodall were aware of Mckenzie Cotton's presence on the premises.

22. Defendants Kathy Woodall and Allen Woodall owed Mckenzie Cotton the following duties:

   a) A duty not to cause her injury by willful or wanton conduct;

   b) A duty, once they knew she was in a position of danger, to use ordinary care to avoid injury;

   c) A duty to use ordinary care to warn of conditions that are not open and obvious and which create an unreasonable risk of harm; and

   d) A duty to use ordinary care to make conditions safe that are not open and obvious and which create an unreasonable risk of harm.

23. Defendants Kathy Woodall and Allen Woodall committed acts and omissions which breach the aforementioned duties resulting in injuries and damages to the Plaintiff and Mckenzie Cotton as more specifically described herein. Specific acts and omission include, but are not limited to, the following:

a) Consuming intoxicating beverages in an amount and to an extent that it interfered with their capacity to fulfill the duties described above;

b) Providing intoxicating beverages to the adults in attendance at the party in an amount and to an extent that it interfered with their capacity to protect the minors in attendance from harm;

c) Illegally providing intoxicating beverages to the minors in attendance at the party in an amount and to an extent that it interfered with their capacity to protect those in attendance who were not consuming such beverages from harm, including Mckenzie Cotton;

d) Failing to provide parking accommodations adequate to protect pedestrians walking to and from their vehicles, including Mckenzie Cotton;

e) Failing to provide sober adult supervision of the minors in attendance at the party, including specifically failing to provide adequate sober adult supervision of Defendant Caden Zane Carpenter;

f) Failing to provide sober adult supervision adequate to protect pedestrians walking to their vehicles;

g) Allowing minors in attendance to illegally consume intoxicating beverages and other substances in an amount and to an extent sufficient to interfere with their capacity to protect those in attendance who were not consuming such beverages or substances from harm, including Mckenzie Cotton;

h) Allowing adults in attendance to consume intoxicating beverages and other substances in an amount and to an extent sufficient to interfere with their capacity

to protect those in attendance who were not consuming such beverages or substances from harm, including Mckenzie Cotton;

i) Failing to direct the flow of vehicle and pedestrian traffic to, from, and around their house in a manner sufficient to avoid creating an unreasonable risk of harm;

j) Allowing persons, including Defendant Caden Zane Carpenter, to drive a motor vehicle in an area which they knew was occupied by minor pedestrians;

k) Allowing persons, including Defendant Caden Zane Carpenter, to drive a motor vehicle while making no effort whatsoever to observe their state of sobriety;

l) Failing to warn minors in attendance, including Mckenzie Cotton, that minors would be allowed to operate motor vehicles in areas occupied by minor pedestrians;

m) Failing to warn minors in attendance, including Mckenzie Cotton, that minors would be allowed to consume intoxicating beverages and other substances that interfered with their sobriety and self-control;

n) Failing to warn minors in attendance, including Mckenzie Cotton, that adults would be allowed to consume intoxicating beverages and other substances that interfered with their sobriety, self-control, and capacity to protect the minors in attendance from harm;

o) Failing to warn Mckenzie Cotton of the impending danger presented by Defendant Caden Zane Carpenter and his motor vehicle;

      p) Failing to warn the Plaintiff Amanda Moss that her daughter, Mckenzie Cotton would be exposed to unreasonable hazards created by the consumption of intoxicating beverages and other substances; and

      q) Otherwise failing to fulfill the duties owed to Mckenzie Cotton as a licensee upon the premises.

24. At all times relevant herein, the conduct of Defendants Kathy Woodall and Allen Woodall was such that they knew or should have known, in the light of the surrounding circumstances, that their conduct would naturally and probably result in injury, and they continued such conduct in reckless disregard of the consequences from which malice may be inferred. Plaintiff and Mckenzie Cotton are thereby entitled to an award of punitive damages to punish the conduct of Defendants Kathy Woodall and Allen Woodall and to deter such conduct in the future.

### COUNT 2 – NEGLIGENCE OF DEFENDANTS KATHY WOODALL AND ALLEN WOODALL

25. At all times relevant herein, Defendants Kathy Woodall and Allen Woodall assumed a duty to act carefully under the circumstances described herein for the safety of Mckenzie Cotton.

26. Defendants Kathy Woodall and Allen Woodall committed acts and omissions breaching the aforementioned duties which acts and omissions were a proximate cause of the injuries and damages sustained by Plaintiff and Mckenzie Cotton. Specific acts and omissions include, but are not limited to, the following:

a) Consuming intoxicating beverages in an amount and to an extent that it interfered with their capacity to fulfill the duties described above, including their duty as hosts of a party attended by minors to properly chaperone their conduct;

b) Providing intoxicating beverages to the adults in attendance at the party in an amount and to an extent that it interfered with their capacity to protect the minors in attendance from harm;

c) Illegally providing intoxicating beverages to the minors in attendance at the party in an amount and to an extent that it interfered with their capacity to protect those in attendance who were not consuming such beverages from harm, including Mckenzie Cotton;

d) Failing to provide parking accommodations adequate to protect pedestrians walking to and from their vehicles, including Mckenzie Cotton;

e) Failing to provide sober adult supervision of the minors in attendance at the party, including specifically failing to provide adequate sober adult supervision of Defendant Caden Zane Carpenter;

f) Failing to provide sober adult supervision adequate to protect pedestrians walking to their vehicles;

g) Allowing minors in attendance to illegally consume intoxicating beverages and other substances in an amount and to an extent sufficient to interfere with their capacity to protect those in attendance who were not consuming such beverages or substances from harm, including Mckenzie Cotton;

h) Allowing adults in attendance to consume intoxicating beverages and other substances in an amount and to an extent sufficient to interfere with their capacity

to protect those in attendance who were not consuming such beverages or substances from harm, including Mckenzie Cotton;

i) Failing to direct the flow of vehicle and pedestrian traffic to, from, and around their house in a manner sufficient to avoid creating an unreasonable risk of harm;

j) Allowing persons, including Defendant Caden Zane Carpenter, to drive a motor vehicle in an area which they knew was occupied by minor pedestrians;

k) Allowing persons, including Defendant Caden Zane Carpenter, to drive a motor vehicle while making no effort whatsoever to observe their state of sobriety;

l) Failing to warn minors in attendance, including Mckenzie Cotton, that minors would be allowed to operate motor vehicles in areas occupied by minor pedestrians;

m) Failing to warn minors in attendance, including Mckenzie Cotton, that minors would be allowed to consume intoxicating beverages and other substances that interfered with their sobriety and self-control;

n) Failing to warn minors in attendance, including Mckenzie Cotton, that adults would be allowed to consume intoxicating beverages and other substances that interfered with their sobriety, self-control, and capacity to protect the minors in attendance from harm;

o) Failing to warn Mckenzie Cotton of the impending danger presented by Defendant Caden Zane Carpenter and his motor vehicle;

      p) Failing to warn the Plaintiff Amanda Moss that her daughter, Mckenzie Cotton would be exposed to unreasonable hazards created by the consumption of intoxicating beverages and other substances; and

      q) Otherwise failing to exercise due care under the circumstances.

27. At all times relevant herein, the conduct of Defendants Kathy Woodall and Allen Woodall was such that they knew or should have known, in the light of the surrounding circumstances, that their conduct would naturally and probably result in injury, and they continued such conduct in reckless disregard of the consequences from which malice may be inferred. Plaintiff and Mckenzie Cotton are thereby entitled to an award of punitive damages to punish the conduct of Defendants Kathy Woodall and Allen Woodall and to deter such conduct in the future.

### COUNT 3 – NEGLIGENCE OF DEFENDANT CADEN ZANE CARPENTER

28. At all times relevant herein, Defendant Caden Zane Carpenter had a duty to operate the GMC Sierra pickup truck in a reasonably safe manner for the safety of others occupying the Woodall drive way including pedestrians such as Mckenzie Cotton.

29. Defendant Caden Zane Carpenter committed acts and omissions breaching the aforementioned duties which acts and omissions were a proximate cause of the injuries and damages sustained by the Plaintiff and Mckenzie Cotton. Specific acts and omissions include, but are not limited to, the following:

      a) Failing to keep a proper lookout;

      b) Failing to keep the vehicle he was driving under proper control;

      c) Inattentive driving;

    d) Careless and prohibited driving;

    e) Driving at a speed greater than was reasonable and prudent under the circumstances;

    f) Failure to yield the right of way to a pedestrian;

    g) Operating a vehicle when he was underage and not properly licensed to do so;

    h) Operating a motor vehicle without an adult present in the vehicle; and

    i) Otherwise failing to exercise ordinary care under the circumstances.

### COUNT 4 – NEGLIGENCE OF DEFENDANT ANNE HICKS

30. At all times relevant herein, Defendant Anne Hicks had a duty to control the operation of her vehicle including a duty not to allow the vehicle to be operated by underage, unqualified minors.

31. Defendant Anne Hicks committed acts and omissions breaching the aforementioned duties which acts and omissions were a proximate cause of the injuries and damages sustained by the Plaintiff and Mckenzie Cotton. Specific acts and omissions include, but are not limited to, the following:

    a) Allowing her motor vehicle to be operated by a person whom she knew or should have known was underage an unlicensed to operate the vehicle by himself;

    b) Allowing her motor vehicle to be operated by a person whom she knew or should have known was an incompetent driver;

    c) Allowing her motor vehicle to be operated by a person whom she knew or should have known was an inexperienced driver;

d) Allowing her motor vehicle to be operated by a person whom she knew or should have known presented an unreasonable risk of harm to others; and

e) Otherwise failing to exercise due care under the circumstances.

32. At all times relevant herein, the conduct of Defendant Anne Hicks was such that she knew or should have known, in the light of the surrounding circumstances, that her conduct would naturally and probably result in injury, and she continued such conduct in reckless disregard of the consequences from which malice may be inferred. Plaintiff and Mckenzie Cotton are thereby entitled to an award of punitive damages to punish the conduct of Defendant Anne Hicks and to deter such conduct in the future.

### COUNT 5 – VICARIOUS LIABLITY OF DEFENDANT ANNE HICKS

33. Defendant Anne Hicks signed Defendant Caden Zane Carpenter's application for a permit and the Financial Responsibility Acceptance. See document attached hereto as Exhibit "A".

34. On March 25, 2022, Defendant Caden Zane Carpenter was a minor under eighteen years of age.

35. The conduct of Defendant Caden Zane Carpenter is imputed to Defendant Anne Hicks who is vicariously responsible for any and all damages he caused pursuant to Ark. Code Ann. § 27-16-702.

### COUNT 6 – NEGLIGENCE OF DEFENDANTS FELECIA STREET JONES AND PHILLIP MATTHEW JONES

36. At all times relevant herein, Defendants Felecia Street Jones and Phillip Matthew Jones assumed a duty to care for and protect the safety of Mckenzie Cotton, a minor, including a

duty not to expose her to unreasonable risks of harm such as taking her to a party where both adults and minors were consuming intoxicating beverages and other substances.

37. Defendants Felecia Street Jones and Phillip Matthew Jones committed acts and omissions which violated the aforementioned duties and which acts and omissions were a proximate cause of the injuries and damages sustained by the Plaintiff and Mckenzie Cotton. Specific acts and omissions include, but are not limited to, the following:

   a) Failing to warn Plaintiff Amanda Mossthat they would be taking Mckenzie Cotton to a party where intoxicating beverages would be served to adults and minors alike;

   b) Failing to warn Mckenzie Cotton that they would be taking her to a party where intoxicating beverages would be served to adults and minors alike;

   c) Failing to warn Plaintiff Amanda Moss that they would be consuming intoxicating beverages while Mckenzie Cotton was in their care;

   d) Failing to warn Mckenzie Cotton that they would be consuming intoxicating beverages while she was in their care;

   e) Taking Mckenzie Cotton to a party where intoxicating substances were served to adults and minors alike;

   f) Taking Mckenzie Cotton to a party where intoxicating substances were consumed by adults and minors alike;

   g) Failing to maintain knowledge of Mckenzie Cotton's whereabouts while she was in their care;

   h) Failing to provide sober adult transportation to and from the party;

   i) Failing to inspect the premises where the party was held for safety;

    j) Failing to inspect the parking circumstances at the party for safety;

    k) Consuming intoxicating substances while Mckenzie Cotton was in their care;

    l) Failing to prevent Mckenzie Cotton's injuries; and

    m) Otherwise failing to exercise due care under the circumstances.

38. At all times relevant herein, the conduct of Defendants Felecia Street Jones and Phillip Matthew Jones was such that they knew or should have known, in the light of the surrounding circumstances, that their conduct would naturally and probably result in injury, and they continued such conduct in reckless disregard of the consequences from which malice may be inferred. Plaintiff and Mckenzie Cotton are thereby entitled to an award of punitive damages to punish the conduct of Defendants Felecia Street Jones and Phillip Matthew Jones and to deter such conduct in the future.

## DAMAGES

39. As a proximate result of the conduct of the Defendants herein, Mckenzie Cotton sustained severe and permanent injuries to her body. Mckenzie Cotton has experienced pain, suffering, and mental anguish in the past and is reasonably certain to experience pain, suffering, and mental anguish in the future. Mckenzie Cotton has suffered permanent and severe scarring and disfigurement. Mckenzie Cotton should be compensated for the nature, extent, duration and permanency of her injuries as set out herein.

40. As a proximate result of the conduct of the Defendants herein, Plaintiff Amanda Moss has incurred expenses for the medical care, treatment, and services of her minor daughter Mckenzie Cotton and will continue to incur expenses for medical care, treatment, and services

until Mckenzie Cotton reaches her majority which amounts include transportation expenses necessarily incurred in securing such care.

41. At all times relevant herein, the conduct of Defendants herein was such that they knew or should have known, in the light of the surrounding circumstances, that their conduct would naturally and probably result in injury, and they continued such conduct in reckless disregard of the consequences from which malice may be inferred. Plaintiff Amanda Moss and Mckenzie Cotton are thereby entitled to an award of punitive damages to punish the conduct of Defendants and to deter such conduct in the future.

WHEREFORE, Plaintiff Amanda Moss, Individually and as Parent and Next Friend of Mckenzie Cotton, a minor, prays for a judgment against the Defendants Caden Zane Carpenter, Anne Hicks, Kathy Woodall, Allen Woodall, Felecia Street Jones, and Phillip Matthew Jones, individually, jointly, and severally, in an amount adequate to compensate them for the injuries and damages they have sustained and will continue to sustain which amounts exceed the current minimum requirement for Federal Court jurisdiction in diversity of citizenship cases. Plaintiff further prays for costs, interest and all other just and proper relief to which they may be entitled. The Plaintiff further prays for a jury trial on all issues so triable.

Respectfully Submitted,

Taylor King & Associates, P.A.
320 Main Street, PO Box 972
Arkadelphia, AR 71923
Ph: (870) 246-0505
Fx: (870) 246-0529

By: _____
Russell Marlin, Bar No. 2000107
russellmarlin@taylorkinglaw.com

**FINANCIAL RESPONSIBILITY**
**Acceptance & Release Form**

Applicant's Name: CADEN ZANE CARPENTER
DL / ID Number: 943668935
Date of Birth: 06-Jul-2005

### FINANCIAL RESPONSIBILITY ACCEPTANCE

The above mentioned applicant has made an application for an Arkansas driver's license. Before an Arkansas driver's license can be issued to any applicant under the age of 18, the signature of a parent or legal guardian assuming financial responsibility must be obtained as stated in Arkansas Statute § 27-16-702.

If you have no objection to the issuance of a driver's license to the above mentioned applicant and are willing to accept financial responsibility for the issuance of an Arkansas driver's license, please sign below.

_Anne S. Hicks_   |   1514 Portland Rd.
Parent or Guardian Signature   |   Parent or Guardian Address

Anne S. Hicks   |   Portland, AR 71663
Parent or Guardian Printed Name   |   City / State / Zip Code

_P. Raquell_   |   7-02-21   |   3:35
Revenue Agent / Cashier Signature   |   Date   |   Time

If you choose to be released from financial responsibility, you must take this completed form to a Revenue Office or Driver Control Office for processing.

### FINANCIAL RESPONSIBILITY RELEASE

I signed for the above signed applicant to be financially responsible for this individual until they reached the age of 18. This is to request that I be released of any financial responsibility of the above mentioned applicant and to request that the driver's license be cancelled as stated in the Arkansas Statute § 27-16-703.

I understand that by signing this form that the Arkansas Driver's License for the above mentioned individual will be cancelled and I agree to surrender the license if it in my possession.

Parent / Guardian Signature   |   Parent or Guardian Address

Parent / Guardian Printed Name   |   City / State / Zip Code

Revenue Agent / Cashier Signature   |   Date   |   Time

Revenue Office/Driver Control use only.   Driver's License Surrendered:   Yes_____   No_____



EXHIBIT A